IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MARY CONDOR,**<br><br>       **Plaintiff,**<br>**v.**<br><br>**WEST BOUNTIFUL CITY,**<br><br>       **Defendant.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>**Case No. 2:07cv924**<br><br><br>**Magistrate Judge Paul M. Warner** |

      Before the court is West Bountiful City's ("Defendant" or "West Bountiful City") (1) motion to quash subpoenas and for a protective order[1] and (2) motion for a protective order.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## BACKGROUND

      Mary Condor ("Plaintiff") filed this lawsuit after being fired from her job as a police officer with the West Bountiful City Police Department (the "WBCPD"). Plaintiff alleges that both the mayor of West Bountiful City and the police chief of the WBCPD made disparaging

---

[1] *See* docket no. 13.

[2] *See* docket no. 15.

remarks about Plaintiff related to her gender.  Specifically, Plaintiff alleges that the newly-elected mayor of West Bountiful City questioned other employees of the WBCPD as to why a woman patrol officer, Plaintiff, had been hired by Defendant.  Soon thereafter, Plaintiff contends, the mayor requested that a background investigation be initiated against Plaintiff.  Upon completion of the investigation, Plaintiff was placed on probation.

Plaintiff further asserts that the newly-appointed chief of the WBCPD, Randy Lloyd ("Chief Lloyd"), told Plaintiff that he "would never hire a little girl"[3] and that after this comment, she immediately began to receive poor evaluations.  She also contends that she was fired after she told her immediate supervisor and Susan Bailess ("Ms. Bailess"), a secretary for the WBCPD, that she was filing a complaint with the Utah Antidiscrimination and Labor Divison and consulting with an attorney.  Based on the above facts, Plaintiff filed a complaint alleging gender discrimination and retaliation in violation of Title VII of the Civil Right Act.

## DISCUSSION

### A.  Motion to Quash

Plaintiff served a subpoena on the Davis County Sheriff's Office seeking the personnel file of Chief Lloyd, and any internal and external investigations regarding his previous employment.  Plaintiff also served subpoenas on the West Valley City Police Department seeking the personnel files of both Chief Lloyd and Corie Hamilton ("Detective Hamilton"), a detective with the WBCPD, and any internal and external investigations regarding their previous employment.  Chief Lloyd worked for the Davis County Sheriff's Office from approximately

---

[3] Docket no. 1, ¶ 15.

1978 to 1985 and for the West Valley City Police Department from approximately 1985 to 2006. Detective Hamilton worked for the West Valley City Police Department from approximately November 2001 to June 2006.

Defendant filed the instant motion to quash the subpoenas on the grounds that they are not relevant to any of Plaintiff's claims. Specifically, Defendant asserts that Chief Lloyd and Detective Hamilton are not parties to this lawsuit and that information regarding their previous employment is not relevant to Plaintiff's case. Defendant further states that Detective Hamilton was not Plaintiff's supervisor nor was she involved in the decision to terminate Plaintiff's employment.

In response, Plaintiff asserts that the information requested in the subpoenas is relevant to this case. Specifically, Plaintiff asserts that because Defendant placed Plaintiff on an additional probationary period based on the result of her background investigation, she needs to determine whether Chief Lloyd or Detective Hamilton had similar instances of alleged misconduct in their previous employment and, if so, whether they received preferential treatment in the hiring process or were treated more favorably than Plaintiff.

Under rule 26(b)(1) of the Federal Rules of Civil Procedure, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). As recently noted by the Tenth Circuit, "personnel files often contain sensitive personal information, . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). The court further stated, "[T]he Supreme Court has underscored that 'the

3

requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] "a party or person from annoyance, embarrassment, [or] oppression."'" *Id.* (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 26(b)(1), (c)(1))).

This court concludes that Plaintiff has failed to demonstrate how the personnel files of Chief Lloyd and Detective Hamilton from their previous employers are relevant to Plaintiff's claims for gender discrimination and retaliation against Defendant. Neither Chief Lloyd nor Detective Hamilton are parties to this lawsuit. Plaintiff has not alleged in her complaint that Chief Lloyd or Detective Hamilton were treated differently or more favorably than Plaintiff or that their previous employment is somehow relevant to the discrimination she allegedly suffered. "In employment discrimination cases, discovery is usually limited to information about employees in the same department or office absent a showing of a more particularized need for, and the likely relevance of, broader information." *Haselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11 (D. Kan. 1995) (citations omitted). While Chief Lloyd and Detective Hamilton are employees in the same department as Plaintiff, and Plaintiff may be entitled to discover their WBCPD personnel records, Plaintiff is not entitled to discover their personnel records from previous employers. Accordingly, because Plaintiff has failed to demonstrate a "particularized need for, and the likely relevance of" the personnel files of Chief Lloyd and Detective Hamilton from their previous employers, Defendant's motion to quash the subpoenas is **GRANTED**. *Id.*

Defendant also moves the court to enter a protective order prohibiting Plaintiff from propounding any questions in depositions or discovery regarding nonparty witnesses' private and

personal matters. Specifically, Defendant contends that because Plaintiff has requested discovery regarding the alleged romantic and sexual relationships among Chief Lloyd, Detective Hamilton, and Ms. Bailess, Plaintiff will attempt to question these and other nonparty witnesses during their depositions about these relationships.

In response, Plaintiff argues that Defendant has failed to carry its burden of demonstrating good cause for issuing a protective order. Plaintiff also asserts that the information is relevant to her case because, as a defense to Plaintiff's allegations of discrimination, Defendant argues that it hired two female employees: Detective Hamilton and Ms. Bailess. Plaintiff contends that information relating to a sexual or romantic relationship between those employees and Chief Lloyd is relevant. The court agrees that this information may be relevant to Plaintiff's lawsuit, and, as such, Defendant's motion is **DENIED**.

Nevertheless, while Plaintiff may inquire into the nature of Chief Lloyd's relationships with his employees, Plaintiff is limited in two regards in her questioning of these witnesses regarding their alleged romantic and sexual relationships. First, no question shall be asked that does not have a legitimate good faith basis. Rumor and innuendo do not provide such a basis. Second, Plaintiff is bound by negative answers of the witnesses. That is to say, if the witnesses deny romantic or sexual relationships with one another, further inquiry is not allowed. If affirmative answers are given, Plaintiff will be allowed to pursue further judicious inquiry. Should it be necessary, the court will consider a motion for a protective order pursuant to rule 30(d)(3)(A) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(d)(3)(A) ("At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground

that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.").

### B. Motion for a Protective Order

Defendant is also seeking a protective order governing the production of documents. While both Plaintiff and Defendant agree that a protective order governing certain documents and information is appropriate in this case, the parties have not been able to agree as to the form of the protective order. Each party has provided a proposed protective order for the court's review.

Plaintiff's proposed protective order would require only the redaction of certain personal identifying information on documents prior to disclosure of the documents in discovery or the filing of pleadings containing that information. Defendant's proposed protective order would require, inter alia, that (1) information produced in this litigation be used for purposes of this litigation only; (2) the producing party may mark documents "Confidential," and if those documents are provided to the court though pleadings or exhibits, they must be filed under seal; and (3) before "Confidential" documents are disclosed to a deponent, witness, or expert consultant, all confidential information regarding third parties would be redacted, and the producing party would be required to review and stipulate that the information has been properly redacted.

Neither Plaintiff's nor Defendant's proposed protective orders are satisfactory to the court. Plaintiff's proposed order does not go far enough to protect sensitive information from being used for purposes other than this lawsuit, and Defendant's proposed order places a heavy

burden on both parties in the redaction of information prior to disclosing confidential documents to witnesses or expert consultants. Accordingly, the court **DENIES** without prejudice Defendant's motion for a protective order. The court orders counsel for both parties to make a good faith effort to resolve their differences regarding an appropriate protective order by September 23, 2008. If the parties cannot stipulate to a proposed protective order, the parties shall inform the court of their inability to stipulate by that date, and each party shall submit a proposed protective order to the court by September 30, 2008. The court will then review both proposed orders, enter either one or the other or, if necessary, draft and enter a protective order itself.

To aid the parties in drafting a protective order that is satisfactory to the court, the court notes that protective orders typically provide that (1) the information subject to the protective order is to be used solely for the purposes of the instant litigation and cannot be used for any other purpose; (2) there is a method by which a party may dispute a designation of a document as "confidential"; and (3) when disclosing a document marked "confidential" to a deponent, witness, or expert, the party so disclosing has the individual sign an affidavit that they have read the protective order and agree to abide by it.

## CONCLUSION

In summary, **IT IS HEREBY ORDERED**:

(1) Defendant's motion to quash subpoenas and for a protective order[4] is **GRANTED IN PART AND DENIED IN PART**. Defendant's motion to quash the subpoenas served on the

---

[4] *See* docket no. 13.

Davis County Sheriff's Office and the West Valley City Police Department is **GRANTED**, and Defendant's motion for a protective order prohibiting Plaintiff from propounding any questions in depositions or discovery regarding nonparty witnesses' private and personal matters is **DENIED**.

(2)  Defendant's motion for a protective order[5] is **DENIED** without prejudice.  The court orders counsel for both parties to make a good faith effort to resolve their differences regarding an appropriate protective order by September 23, 2008.  If the parties cannot stipulate to a proposed protective order, the parties shall inform the court of their inability to stipulate by that date, and each party shall submit a proposed protective order to the court by September 30, 2008.

**IT IS SO ORDERED**.

DATED this 9th day of September, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 15.